IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANESE MICHELLE WHITE,<br><br>            Plaintiff,<br><br>   vs.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Civil Action No. 17-10 |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 10 and 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment [ECF No. 11] and denying Plaintiff's Motion for Summary Judgment [ECF No. 9].

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. On or about July 19, 2013, Plaintiff applied for DIB and SSI. [ECF No. 7-4, Ex. 3A, 4A]. In both applications, she alleged that since January 19, 2012, she had been disabled due to a heart condition. [ECF No. 7-8, at 210]. Her date last insured was December

1

31, 2016. [ECF No. 7-2, at 29]. The state agency denied her claims initially, and she requested an administrative hearing. [ECF No. 7-5, Exs. 1B, 2B, 4B]. Administrative Law Judge ("ALJ") John Porter held a hearing on March 2, 2015, at which Plaintiff was represented by counsel. [ECF No. 7-3]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 67-72. In a decision dated May 7, 2015, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 7-2, at 27-37]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on December 9, 2016, the Appeals Council denied Plaintiff's request for review. [ECF No. 7-2, at 1-7]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. The issues are now ripe for my review.

## II.    LEGAL ANALYSIS

### A.    STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would

have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision

with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

B. **WHETHER THE ALJ PROPERLY CONSIDERED PLAINTIFF'S OBESITY**

Plaintiff argues that the ALJ failed to comply with agency policies concerning obesity. Pl.'s Br. [ECF No. 10] at 3, 10-15 (citing, inter alia, Social Security Ruling 02-1p). Specifically, Plaintiff contends that the ALJ failed to (1) evaluate the severity of Plaintiff's obstructive sleep apnea and/or asthma in combination with her obesity in respect to meeting or equaling the Listings of Impairments at Step 3; and (2) consider obesity in assessing Plaintiff's RFC. Id. This argument is without merit.

As an initial matter, in his findings of fact and conclusions of law, the ALJ found that Plaintiff had numerous severe impairments, including obesity. See ECF No. 7-2, at 30 (listing as severe impairments: coronary artery vasospasm, status post two myocardial infarctions, hypertension, obesity, obstructive sleep apnea, melena, GERD, anemia, asthma, lumbago, hemoptysis, and biliary dyskinesia). Likewise, at Step 3, the ALJ explained that he considered *all* of Plaintiff's impairments, both singly *and in combination*, and that none of them met or equaled the severity of any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, App'x 1. See ECF No. 7-2, at 30-31 (considering, inter alia, sections 1.00 (musculoskeletal system); 3.00 (respiratory system); 4.00 (cardiovascular system); 5.00 (digestive system); and 7.00 (hematological disorders)). In his Step 3 analysis, the ALJ expressly discussed Plaintiff's obesity, noting that, although there is no longer a listing for obesity, he considered Plaintiff's obesity under the parameters of Section 1.00, which addresses musculoskeletal disorders. Id. Citing Social Security Ruling 02-01p, the ALJ further explained that the record evidence supported a finding that Plaintiff's obesity does not meet or medically equal a listing for other body systems. Id.

4

Thirdly, the ALJ plainly considered obesity in assessing Plaintiff's RFC. In addition to explaining that he considered all of Plaintiff's symptoms in reaching his RFC finding, the ALJ specifically acknowledged Plaintiff's obesity during his RFC analysis and cited numerous physician notes documenting Plaintiff's obesity, weight, and body mass index. See ECF No. 7-2, at 33-35 (citing, inter alia, Exs. 1F, 5F, 8F, 10F, 11F, 16F). Although the ALJ ultimately determined that Plaintiff's claim of total disability was inconsistent with the totality of the evidence, he nevertheless incorporated numerous limitations related to Plaintiff's obesity and other complaints in his RFC finding. See id. (limiting Plaintiff to sedentary work with the option to stand and stretch two minutes every half hour; no climbing ropes, ladders or scaffolds; no kneeling, crouching, or crawling; occasional performance of other postural maneuvers; no exposure to unprotected heights, moving mechanical and dangerous machinery, or moving parts; no exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibrations; and performance of only simple, routine, and repetitive tasks that are not fast paced and only simple, work-related decisions).

Nothing in Social Security Ruling 02-1p, to which Plaintiff cites, requires remand on this issue. Ruling 02-1p, titled "Evaluation of Obesity," provides guidance concerning the evaluation of obesity in SSI and DIB claims. S.S.R. 02-1p, 2000 WL 628049. Although the Ruling indicates that the ALJ should evaluate a claimant's obesity at all applicable steps of the sequential evaluation process, it emphasizes that a diagnosis of obesity does not require a finding of decreased function or disability. Rather, the ALJ must evaluate each case based on the information in that particular case record. See id. As set forth above, the ALJ in this case properly considered Plaintiff's obesity at all applicable steps of the evaluation process, both singly and in combination with her other impairments, including her sleep apnea and asthma. Based

on the information in the case record, the ALJ also incorporated into his RFC finding many of the limitations that SSR 02-1p recognizes that obesity can cause, including, <u>inter</u> <u>alia</u>, limitations on sitting, standing, climbing, crouching, and toleration of extreme heat, humidity, and hazards.  For all of these reasons, I find no error in this regard.

**C.  WHETHER THE ALJ PROPERLY ADDRESSED CERTAIN MEDICAL EVIDENCE OF RECORD**

In a cursory five-line paragraph, Plaintiff argues that the ALJ erred in giving the internal medicine disability evaluation of consultative examiner, Dr. Edward P. Johnson, significant weight, but rejecting Dr. Johnson's finding that Plaintiff cannot perform any postural maneuvers.  Plaintiff contends that the ALJ erroneously based his rejection of no postural maneuvers on Plaintiff's cardiology records and not upon Plaintiff's obesity in combination with her sleep apnea and asthma.  Pl.'s Br. Supp. [ECF No. 10] at 13.

This argument is unpersuasive.  As an initial matter, contrary to Plaintiff's suggestion, the ALJ incorporated almost all of Dr. Johnson's postural limitations in the RFC finding, including a limitation to no climbing ladders or scaffolds, and no kneeling, crouching, or crawling.  With respect to the remaining postural activities – climbing stairs and ramps, balancing, and stooping – the ALJ limited Plaintiff to only occasional performance of those activities.  [ECF No. 7-2, at 32].  The Medical Source Statement Dr. Johnson completed defines "occasionally" as up to 1/3 of the work day.  [ECF No. 7-16, Ex. 8F].  As Defendant correctly notes, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight.  On the contrary, the controlling regulations are clear that the RFC finding is a determination expressly reserved to the Commissioner."  <u>Wilkinson v. Comm'r of Soc. Sec.</u>, 558 F. App'x 254, 256 (3d Cir. 2014).  Additionally, the ALJ adequately explained why he did not credit Dr. Johnson's postural limitations

6

in their entirety, stating accurately that Dr. Johnson's report did not show that he tested Plaintiff's ability to perform each postural maneuver, and that the doctor based the report on what Plaintiff told him regarding her cardiac symptoms, which the ALJ found elsewhere in the opinion to be significantly over-reported compared to what she told her cardiologist. [ECF No. 7-2, at 35]. Although Plaintiff now raises her obesity in combination with her asthma and sleep apnea as the factors the ALJ should have considered, there is no evidence in the report that Plaintiff raised these factors with Dr. Johnson. See ECF No. 7-16, Ex. 8F (Dr. Johnson's report listing "coronary artery vasospasm and long standing hypertension" as the reasons Plaintiff "says she can no longer work"). Moreover, as already discussed, the ALJ adequately considered Plaintiff's obesity in combination with all of her medically determinable impairments, including her asthma and sleep apnea, in making his RFC finding.

Plaintiff also argues that the ALJ neglected to analyze the findings and opinions of Dr. Bharat Jain and Dr. Richard Kucera. Specifically, Plaintiff contends that the ALJ failed to address, accept, reject, or explain Dr. Jain's sleep apnea testing and treatment or Dr. Kucera's pulmonary findings of hemoptysis, obstructive sleep apnea, and asthma. Pl.'s Br. [ECF No. 10] at 13-14 (citing Exs. 14F, 15F, 19F). This contention is groundless. First, Dr. Jain's and Dr. Kucera's records do not contain "opinions" as defined in the regulations. See 20 C.F.R. §§ 404.1527(a)(1); 416.927(a)(1) (defining medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions"). Therefore, the ALJ was not required to assign these records any "weight." Second, contrary to Plaintiff's assertions, the ALJ expressly discussed Dr. Jain's records documenting her sleep study and that she was

doing well with the CPAP machine Dr. Jain prescribed, as well as Dr. Kucera's records regarding hemoptysis and sleep apnea. See ECF No. 7-2, at 33-34 (citing record exhibits 15F and 19F). Rather than ignoring or discrediting these records as Plaintiff misleadingly suggests, the ALJ cited them as evidence that Plaintiff is less limited than alleged. See id.[1] Finally, as set forth above, the ALJ properly addressed and accounted for any limitations credibly caused by Plaintiff's hemoptysis, sleep apnea, and asthma in the RFC assessment.

In short, the ALJ properly addressed the medical evidence of record, including evidence concerning Plaintiff's hemoptysis, sleep apnea, asthma, and obesity. Substantial evidence supports his finding that this documentation coupled with the other record evidence did not support a finding of disabling limitations that would preclude Plaintiff from performing work on a full time basis within the parameters of his RFC assessment. Accordingly, Plaintiff's request that I order remand due to lack of discussion of these issues is denied.

## D. **HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT**

Plaintiff also argues that remand is necessary because the ALJ's questions to the vocational expert did not accurately reflect her impairments. Pl.'s Br. [ECF No. 10] at 14-15. In particular, Plaintiff contends that the questions to the VE "were not specific enough concerning the consequences and limitations from Plaintiff's respiratory conditions, including sleep apnea and asthma, in combination with her extreme obesity." Id. at 15. I disagree. An ALJ is only required to accept the responses that accurately reflect a claimant's impairments. See

---

[1] In discussing Dr. Jain's records, the ALJ stated, inter alia, that Plaintiff was "prescribed a CPAP and was noted to be doing well with it." [ECF No. 7-2, at 33 (citing Exs. 15F, 19F)]. With respect to Dr. Kucera, the ALJ noted that Plaintiff "recently saw Dr. Kucera for complaints of intermittent hemoptysis" and that "CT scans and x-ray of her chest were normal and [Dr. Kucera] attributed her hemoptysis to postnasal or upper pharyngeal bleeding." Id. at 34 (citing Ex. 19F). The ALJ appropriately cited the improvement in Plaintiff's sleep after the sleep study and Dr. Kucera's attribution of her hemoptysis to only postnasal or upper pharyngeal bleeding as part of the evidence showing that Plaintiff was less limited than alleged. See id. at 33-34.

Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the record reveals substantial evidence that the hypothetical questions the ALJ adopted accurately reflected Plaintiff's impairments. [ECF No. 7-2, at 32-37; No. 7-3, at 67-72]. As set forth in the preceding sections, the record evidence does not support the additional limitations Plaintiff contends the ALJ should have included.

Because the ALJ properly considered Plaintiff's limitations supported by the record, I find no error on this issue.

### III. **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANESE MICHELLE WHITE, )
)
Plaintiff, )
)
vs. ) Civil Action No. 17-10
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security, )
)
Defendant. )
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 29th day of January, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that it is ordered that Defendant's Motion for Summary Judgment [ECF No. 11] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 9] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge